## Vacation of Wentz Road

728

*Thomas M. Garrity*, for exceptants.
*Federico F. Mauck*, for township.

CORSON, J., November 30, 1954.—In the present proceedings the Board of Supervisors of Whitpain Township, a township of the second class, vacated a certain road, known as Wentz Road. Exceptions were filed by protestants to this action, and upon petition to this court, a board of review was selected from the board of viewers to review the action of the supervisors.

The board of review filed a report, which was confirmed nisi in July, 1954, in which report the board set aside the action of the supervisors in vacating Wentz Road as arbitrary and illegal. By agreement of the parties exceptants to the action of the supervisors were allowed to file exceptions nunc pro tunc to the action of the board of review. These exceptions were argued before the court en banc and are now before us for consideration.

From the facts admitted at the argument and the record of the case, it would appear that Wentz Road is a road laid out wholly in Whitpain Township, running to the east of, and parallel to, DeKalb Street Pike, also known as Route 202. Wentz Road appears on various plans, back almost further than man's memory runneth not to the contrary. However, for more than 21 years it would seem to have been unused and at the present time is absolutely impassable for vehicle use and can only be negotiated with difficulty by pedestrians. In order to walk over this road it appears to be necessary to walk through high weeds,

bushes, etc., as well as to ford two unbridged creeks. The township supervisors have never treated this road as a public road and no court record can be found of such road ever having been opened.

As the board of review well said, if the matter had come before the jury of view upon a petition to vacate the road, under general road law, as no longer necessary for public convenience, the board would probably, without prejudging, have vacated such road.

The township supervisors, however, proceeded, and were acting, under the Act of July 10, 1947, P. L. 1481, section 1101, as amended, at page 1559. This section gives the supervisors "Power to lay out, open, widen, . . . vacate . . . all roads and parts thereof which are wholly within the township, upon the petition . . . ,or without petition of the owners of abutting property, if in the judgment of the Supervisors, *it is necessary for the public convenience.*" (Italics supplied.)

It may be noted at this time that the requirement for vacation under this section is not that the road is no longer necessary for the convenience of the public, but that its vacation "is necessary for the public convenience". This perhaps unfortunate wording of the act changes the requirement of vacation under the general road law, as under this act it must be affirmatively shown that the road should be vacated for the public convenience. Certainly there was no evidence, and it is difficult to conceive how there could be any evidence that the public would be inconvenienced in any way by the failure to vacate such road. Equally, it would be difficult to see how the public could be convenienced by such vacation. The road is not used, is not maintained at public expense, and its vacation or nonvacation can have no effect whatever upon the public. The wording of the act would, of course, apply and would be more helpful if the supervisors were proceeding to open a road. In such an event it would be much

easier to prove that the opening of such road was necessary for the public convenience.

Without reciting at length the six exceptions to the report of the board of review, it is sufficient to say that they are all answered and covered by the foregoing discussion. Our ruling upon these exceptions is obviously without prejudice to any proceedings that might be brought for the vacation of Wentz Road under general road law.

And now, November 30, 1954, for the reasons given, the exceptions to the report of the jury of view are dismissed and such report, which was confirmed nisi July 16, 1954, is now confirmed absolutely. An exception is allowed to exceptants.

*Opinion on Reargument*

CORSON, J., June 2, 1955.—This case is now before the court en banc for decision following the granting of a rule to show cause why a reargument should not be ordered. The petition for reargument was filed by the attorney for the supervisors of Whitpain Township as a result of the court's decision in the above captioned matter, handed down on November 30, 1954. Argument was held on the rule to show cause, at which time the questions raised and the positions of both sides were fully presented. Both counsel agree that nothing would be gained by a further argument, and therefore, we shall consider and dispose of this matter as though the reargument had been ordered and held.

The facts of this case have been fully set forth in the prior opinion of this court, together with a discussion of the merits and the questions involved. The sole question before us on reargument is the proper construction of article XI, sec. 1101 of The Second Class Township Law, Act of May 1, 1933, P. L. 103, as amended, 53 PS §19093-1101. That section authorizes

the township supervisors to "vacate . . . all roads and parts thereof which are wholly within the township . . . without petition of the owners of abutting property, if in the judgment of the supervisors, it is *necessary for the public convenience*". (Italics supplied.) In our prior adjudication, we gave a narrow and limited construction to the phrase "necessary for the public convenience". It was our conclusion that since the portion of Wentz Road in question has been unused for so many years, since it is impassable to vehicular traffic and not fit for pedestrian use, and since it is not maintained at public expense, vacation was not "necessary for the public convenience". We said, ". . . it must be affirmatively shown that the road should be vacated for the public convenience . . . and it is difficult to conceive how there could be any evidence that the public would be inconvenienced in any way by the failure to vacate such road".

Because these conclusions and this construction were reached with the apparently erroneous assumption in mind that proceedings might be brought by the supervisors to vacate Wentz Road under general road law, it is necessary that we reëxamine the applicable statute and the construction given it.

Our assumption and, it would appear, that of the jury of view appointed to assist the court in this proceeding, was that the supervisors could have proceeded either under the township code or under general road law. Since under general road law a road may be vacated "whenever the same shall become useless, inconvenient or burdensome", Act of June 13, 1836, P. L. 551, sec. 18, 36 PS §1981, the moving party need only show uselessness or inconvenience and need not show lack of necessity for the public convenience. With this in mind, we suggested that such proceedings could and should have been instituted under that statute. We further stated that our decision was without prej-

udice to the rights of the supervisors under general road law.

However, by sec. 49 of the Act of July 10, 1947, P. L. 1481, 53 PS §19093-2201, The Second Class Township Law was amended to provide: "It is the intention that this act shall furnish a complete and exclusive system for the government and regulation of townships except as to the several matters enumerated in section one hundred and three of article one of this act." Neither township roads in general, nor their vacation are "matters enumerated in section one hundred and three of article one of this act", 53 PS §19093-103. Furthermore, this amendment was added to the code at the same time that sec. 1101 was amended vesting authority in the supervisors and removing it from the court of quarter sessions to open, lay out, vacate, etc., township roads. Therefore, without more, it would appear that the only authority under which the supervisors may institute proceedings to vacate a township road is sec. 1101 of the township code. That such was the intention of the legislature is further borne out by the 1949 amendments to sec. 1101 and 1102 of the code. The amendment to sec. 1101 provides that if the supervisors fail to take action upon a petition to vacate filed with them by a group of property owners, then such petitioners may present their petition to the court and proceed as under the general road law. The same amendment added subsection ($f$) to sec. 1102 providing that if the petition is refused, then petitioners may petition the court for the appointment of viewers, and proceedings will be carried out in accordance with the general road law.

These amendments of 1947 and 1949 make it reasonably clear that the legislature intended (1) that the primary responsibility for supervision of township roads should be placed in the hands of the township supervisors, (2) that the township code was to provide

an exclusive system for the government and regulation of townships, and (3) that under the code property owners were not to be deprived of their right to petition the courts for opening, vacation, etc., of roads under the general road law in the event that the supervisors failed to act or denied their petition. To this effect, see in re Vacation of Road in Middlecreek Township, 68 D. & C. 559 (1949). With these principles in mind then, if "necessary to the public convenience" requires an affirmative showing of necessity in the strict sense of the word, the supervisors would all but be deprived of an important, even though small, part of the powers necessary for "complete and exclusive . . . government and regulation of Townships". Certainly, even if we give this phrase a strict interpretation, the supervisors would have little difficulty in sustaining the necessity to open, lay out, widen, etc., a public road, and it would seem that such actions were the primary consideration of those who drafted this phrase into the section. Yet, the power to vacate a road is also an important part of a township's governmental and regulatory powers, and if by a liberal construction of the provision in question, we can sustain a proper exercise of that power, we should do so in light of the legislature's expressed intention, 53 PS §19093-2201, that the act "furnish a complete and exclusive system for the government and regulation of townships . . ." .

Viewing this statute and its terminology in this light, it is clear that our prior narrow interpretation imposes too great a burden or restriction on the exercise of this particularly governmental function. Because under the former law there was no requirement that it must be affirmatively shown that the road to be vacated was inconvenient or burdensome, we do not believe such was intended under this statute. In this case, the supervisors found that "it is necessary for

the public convenience" to vacate this road. Under the decided cases, this is all they need do and, indeed, must do, provided, of course, that they meet the other procedural requirements: In re Morrison Street, 53 Lack. Jur. 17, 80 D. & C. 542 (1952) ; in re Vacation of Road in Middlecreek Township, supra.

Furthermore, in the Morrison Street case the Lackawanna court stated: "Our task and jurisdiction as we interpret the statute, is limited to see that all procedural requirements are regular and followed through and that there is no abuse of discretion or misconduct on the part of the municipal authorities." Admittedly, all procedural requirements were followed in this matter, for no question has been raised as to them. As to the question of discretion, considered against the statutory background set forth above and in light of the desirability of a more liberal construction, we conclude that the vacation of such a "road" as that with which we are dealing here is necessary for the public convenience. We can imagine numerous situations arising which make it highly desirable for the township, the community at large, to vacate this road. Further, if it is not necessary for the public convenience to vacate *this road*, under what circumstances could the supervisors vacate a road? We can visualize some fairly remote circumstances under which the supervisors might conceivably vacate a road under a strict construction of the section. However, to require their existence before a road could be lawfully vacated, would all *but nullify* the grant of the authority to vacate and would be contrary to the expressed legislative intent that the code furnish a *"complete . . .* system for the government and regulation of townships. . . ." (Italics supplied.)

And now, June 2, 1955, it is ordered, adjudged and decreed that the exceptions to the report of the jury of view are sustained, and the action of the super-

visors of Whitpain vacating Wentz Road is affirmed and reinstated.